UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| ANTHONY WILLIAMS, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 4:06 cv 121 AS |
| | ) | |
| DEPUTY ROD HAINJE, DEPUTY | ) | |
| ZEHMAN, DEPUTY GLEN KELLER, | ) | |
| DEPUTY MICK GILLEN, | ) | |
| | ) | |
| Defendants | ) | |

OPINION AND ORDER

This matter is before the court on the Motion to Extend Discovery Deadline to  December 1, 2007 (DE 31) and the Motion for Jury Trial (DE 30) filed by the plaintiff, Anthony Williams, on August 1, 2007. For the reasons set for below, the motion to extend discovery deadlines is **GRANTED IN PART** and **DENIED IN PART,** and the motion for jury trial is **GRANTED.**

Background

On August 14, 2004, Deputy Rod Hainje, an officer with the Tippecanoe County Sheriff's Department, was engaged in the high-speed pursuit of four individuals on motorcycles. According to Hainje's report of the incident, the motorcyclists, including the plaintiff Anthony Williams, initially were headed north on Inter-state 65 when they exited westbound on State Road 38.  When the motorcyclists split off in different directions, Hainje's pursuit focused on Williams. Hainje reported that the chase reached speeds in excess of 125 mph, ending in the parking lot of an Aldi

grocery store. Three additional officers arrived at the scene including officers from Dayton, Mulberry, and Clinton counties. Hainje also traveled with a "K-9 partner."

From Hainje's report, it appears that three officers were engaged in attempting to subdue Williams when the police dog was released from Hainje's vehicle and "engaged" Williams' upper right arm. Ultimately, Williams was taken into custody and pled guilty to resisting law enforcement.  He was treated for injuries he received from the dog.

Two years later, on August 14, 2006, Williams filed a *pro se* complaint in this matter. The defendants filed an answer in October 2006, and at that time, served interrogatories and a request for production on Williams. In his complaint, Williams described a markedly different series of events. Williams stated that he was traveling with only one other companion when they were passed by two speeding motorcycles. Williams claimed there was no chase, but that he merely pulled off the interstate to get gasoline when he was asked to pull over by Hainje. After pulling over in the grocery store parking lot, Hainje asked him to get on his knees. Williams alleged that, though offering no resistance, the officers on the scene beat him, kicked him, and released the dog only after he had been handcuffed. Williams seeks recovery based upon allegations of excessive force, in particular for the injuries caused by the use of the police dog.

On November 21, 2006, the Honorable Allen Sharp issued an order establishing a discovery deadline of April 1, 2007, and a

deadline for filing dispositive motions of May 1, 2007. This deadline passed with no response from Williams to the defendants' discovery requests.  After this deadline passed, the defendants were granted until May 28, 2007, to file dispositive motions. Their motion for summary judgment was filed on May 25, 2007.

This court held a status conference on June 21, 2007.  Williams, appearing *pro se*, indicated his intent to retain counsel. The court summarized the summary judgment process for Williams, who also had received notice of the defendants' motion for summary judgment in accordance with ***Lewis v. Faulkner***. Williams sought additional time to respond and was granted until July 31, 2007, to file a response to the defendants' motion.

One day after this deadline passed, Attorney Richard Dvorak moved the court to appear *pro hac vice* on behalf of Williams and simultaneously filed a motion for jury trial and a motion for extension of time to complete discovery.  Dvorak's application to appear pro hac vice was granted on August 6, 2007.

<u>Discussion</u>

Williams' motion to extend time to complete discovery specifically invokes Federal Rule of Civil Procedure 56(f) which provides:

> Should it appear from the affidavits of a
> party opposing the motion that the party
> cannot for reasons stated present by affida-
> vit facts essential to justify the party's
> opposition, the court may refuse the applica-
> tion for judgment or may order a continuance
> to permit affidavits to be obtained or depo-
> sitions to be taken or discovery to be had or
> may make such other order as is just.

A motion seeking relief under Rule 56(f) requires the non-moving party to file an affidavit "outlining the reasons for needing further discovery." *Woods v. City of Chicago*, 234 F.3d 979, 990 (7th Cir. 2001). Generally, Rule 56 does not require that discovery commence or reach any certain point before filing, or granting, a motion for summary judgment. Rule 56(b) ("A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof."); *Waterloo Furniture Components, Ltd. v. Haworth, Inc.*, 467 F.3d 641, 648 (7th Cir. 2006). Accordingly, a non-moving party's affidavit must demonstrate beyond general assertions that discovery is needed, that further discovery is likely to "unearth" a genuine issue of material fact. *Woods*, 234 F.3d at 990-91; *Allen v. Martin*, 460 F.3d 939, 943 (7th Cir. 2006)("Diligence in obtaining the evidence, however, is not the issue under Rule 56(f); we are concerned with whether the facts sought are essential to justify the party's opposition."). Though a party's diligence in attempting to access discovery is not the basis for gaining relief under Rule 56(f), courts have recognized the role that a non-moving party's lack of diligence plays. *See e.g., Green v. Litscher*, 103 Fed. Appx. 24, 26 (7th Cir. 2004)("Green had at least two months to initiate discovery but instead waited until the cutoff date set by the court for filing dispositive motions to submit his

4

requests to the defendants.").

The basis for Hainje's motion for summary judgment is that his use of force, including the dog, was reasonable in light of Williams' resistance to arrest according to Fourth Amendment standards. Hainje relies in part on Williams' guilty plea in the Tippecanoe County Superior Court in response to the charge of resisting arrest. Hainje's brief argument in support of the application of qualified immunity also hinges upon the reasonableness of this use of force.

Williams' guilty plea alone, however, is not conclusive on the question of reasonable force. The plea might indicate that Hainje had probable cause to arrest Williams, but it says nothing regarding the amount of force objectively reasonable to effectuate his arrest. This question revolves around the resolution of factual disputes. *See e.g., **Lang v. City of Round Lake Park***, 87 F.Supp.2d 836, 842 (N.D. Ill. 2000)("In this case, there is no indication that the state court judge who heard Lang Sr.'s criminal case determined, or was asked to determine, that there was probable cause to arrest, let alone that such a determination was necessary to the judgment in that case."). *See also* 18B Charles Alan Wright, Arthur R. Miller &  Edward H. Cooper, *Federal Practice and Procedure* §4474.1 at 445 (2002) ("Even if a court maintains the doctrine that issue preclusion can arise from a guilty plea, preclusion does not apply if the plea does not address the issue that arises in later litigation.").

In the affidavit filed with his Rule 56(f) motion, Williams

indicated an intent to submit his own affidavit and to "discover
more information regarding Hainje's training and the use of the
dog that attacked plaintiff."  Williams' affidavit would be
relevant to the central factual dispute raised by Hainje's motion
for summary judgment. However, the court further recognizes that
Williams has been given ample notice of the status of his case
and still has been less than diligent in pursuing it. Approxi-
mately five months passed following the initial establishment of
discovery deadlines in this matter by Judge Sharp with no appar-
ent activity. At the status conference on June 21, 2007, the
defendants indicated that discovery served on Williams remained
outstanding. This court ordered Williams' response and also
granted a further extension for Williams to respond to the
defendants' motion for summary judgment. Nevertheless, approxi-
mately six weeks passed with little apparent activity, and one
day after the deadline expired, Williams now seeks this exten-
sion.

    Despite these delays, Williams will be granted an additional
30 days to develop his own affidavit and response to the defen-
dants' motion for summary judgment. The plaintiff also seeks
additional time to conduct discovery on the issue of training
with respect to the use of police dogs. However, there is no
indication that this subject is relevant to the defendants'
motion for summary judgment because the defendants have not
raised issues that require discovery regarding Tippecanoe
County's K-9 training. Further, Williams has not alleged in his

6

complaint that Hainje was improperly trained and has not named the Tippecanoe County Sheriff's Department as a defendant. Consequently, there are no facts to "unearth" regarding K-9 training that are necessary to defeat summary judgment.

The plaintiff also filed a belated request for a trial by jury. Federal Rule of Civil Procedure 38(b) provides that a demand for jury trial must be made within 10 days of service of the last pleading. The failure to meet this requirement "constitutes a waiver by the party of trial by jury." Rule 38(d). However, what Rule 38(d) takes away, Rule 39(d) nearly returns by providing that, notwithstanding the failure to timely request a jury trial, the court "in its discretion" may order a jury trial. A party's *pro se* status is particularly pertinent to the exercise of this discretion. ***Members v. Paige***, 140 F.3d 699, 704 (7th Cir. 1998)("Lack of legal assistance may supply (or be) a good reason for a favorable exercise of discretion under Rule 39(b)."). In addition, courts have applied a set of factors to motions made under this rule that include

> (1) whether the issues involved are best tried before a jury; (2) whether the court's schedule or that of the adverse party will be disrupted; (3) the degree of prejudice to the opposing party; (4) the length of the delay; and (5) the reason for the moving party's tardiness in demanding a jury trial.
>
> ***Batteast Construction Co., Inc. v. Henry County Board of Commissioners***, 196 F.R.D. 543, 544 (S.D. Ind. 2000)

In support of his motion, Williams relies on his status until very recently as a *pro se* litigant. In particular, Williams

notes that the pro se complaint form provides no indication that jury trial may be at issue. The defendants argue that Williams' lack of diligence should preclude forgiveness of this missed deadline.

Claims under §1983 are triable to a jury. *See e.g., **Mansfield v. Chicago Park District Group Plan***, 946 F.Supp. 586, 595 (N.D. Ill. 1996). In addition, as noted above, Williams' claim is particularly fact sensitive. Based upon ***Members,*** no prejudice to the defendants, and no delay in permitting a jury trial, the plaintiff's motion is **GRANTED**.

————————————

For the foregoing reasons, the Motion to Extend Discovery Deadline to  December 1, 2007 (DE 31) filed by the plaintiff, Anthony Williams, on August 1, 2007 is **GRANTED IN PART** and **DENIED IN PART**, and the Motion for Jury Trial (DE 30) filed by the plaintiff on August 1, 2007 is **GRANTED**.

ENTERED this 10th day of September, 2007


                        s/ ANDREW P. RODOVICH
                        United States Magistrate Judge