UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| ANTHONY WILLIAMS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | 4:06-CV-121-AS-APR |
| ROD HAINJE, | ) | |
| Defendant. | ) | |

**MEMORANDUM, ORDER & OPINION**

This matter is before the Court on Defendant Rod Hainje's objections to Magistrate Judge Andrew P. Rodovich's Report and Recommendation entered on January 17, 2008 (Docket No. 54) recommending that Defendant's motion for summary judgment and his motion to strike a portion of Plaintiff's supplemental affidavit be denied. The reader's familiarity with the entire January 17 Report and Recommendation is assumed, and this Court has reviewed briefs on the motions and the Report and Recommendation. For the reasons that follow, the Court overrules Defendant's objections, and adopts the Report and Recommendation as modified herein. Accordingly, Defendant's motion for summary judgment, including his claim of qualified immunity, and his motion to strike a portion of Plaintiff's supplemental affidavit are denied.

**I. Standard of Review**

The district court must make a *de novo* determination of those portions of the

magistrate judge's disposition to which specific written objection is made. Johnson v. Zema Systems Corp., 170 F.3d 734, 739 (7th Cir. 1999) (citing Fed. R. Civ. P. 72(b)).

## II. Discussion

A. Defendant's Motion for Summary Judgement

    1. Excessive Force Claim

Generally, under Federal Rule of Civil Procedure 56(c), summary judgment is proper only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits. . . show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Williams v. Excel Foundry & Machine, Inc, 489 F.3d 309, 310 (7th Cir. 2007).

Even a self-serving affidavit, if supported by facts in the record, can defeat summary judgment by creating a genuine issue of material fact. See, e.g., Buie v. Quad/Graphics, Inc., 366 F.3d 496, 504 (7th Cir. 2004). Additionally, the Seventh Circuit has held that district court's have great discretion in deciding whether to allow a party to change damaging deposition testimony with a supplemental summary judgment affidavit. Stinnett v. Iron Works Gym/Executive Health Spa, Inc., 301 F.3d 610, 614 (7th Cir. 2002).

However, under the so-called "sham affidavit" rule, most courts will disregard affidavits which blatantly contradict prior sworn testimony. Beckel v. Wal-Mart Associates, Inc., 301 F.3d 621, 624 (7th Cir 2002) (noting that "[a]ffidavits, though signed under oath

by the affiant, are typically written by the affiant's lawyer, and when offered to contradict the affiant's deposition are so lacking in credibility as to be entitled to zero weight in summary judgment proceedings unless the affiant gives a plausible explanation for the discrepancy; the explanation, moreover, must come in the affidavit itself, not in the a lawyer's musings, which are not evidence" (internal citations omitted)); but see Buckner v. Sam's Club, 75 F.3d 290, 292-93 (7th Cir 1996) (holding that an affidavit and deposition testimony are not blatantly contradictory where the two statements can possibly be consistent with one another).

The issue in this case comes down to whether the Plaintiff's statements in his deposition and affidavit are, in fact, contradictory such that there is no genuine issue of material fact (Docket Nos. 42-2, 50-3). For the purpose of a Fourth Amendment excessive force analysis, one must examine the totality of the circumstances to determine: (1) whether the force used was excessive in light of the severity of the crime for which the plaintiff was being arrested; (2) whether the plaintiff posed a threat to the safety of the officer or others; and (3) whether the plaintiff was resisting the officer or attempting to flee. Graham v. Connor, 490 U.S. 386, 394 (1989); Holmes v. Village of Hoffman Estates, 511 F.3d 673, 685 (7th Cir. 2007).

This Court disagrees with the Report and Recommendation as to when the Plaintiff became aware of police pursuit. The Plaintiff stated in his deposition that he knowingly fled from law enforcement while in Boone County, Indiana. In clear contrast, in his affidavit, the

Plaintiff stated that he did not notice law enforcement until after he exited Interstate 65 at Highway 38, which is in Tippecanoe County, Indiana. To the extent that the Plaintiff's affidavit contradicts his earlier testimony regarding when he became aware of police pursuit, this Court will disregard the affidavit.

Nonetheless, when examining the totality of the circumstances in the present case, this Court finds, the discrepancies regarding whether and how much Plaintiff resisted arrest to be a genuine issue of material fact that precludes summary judgement. Although Defendant argues that Plaintiff's affidavit contradicts his earlier testimony regarding his "rude, insolent, or angry manner" at the scene of the arrest, the Plaintiff gave a plausible explanation for the discrepancy in his affidavit.[1] This is proper according to the Seventh Circuit's decision in Beckel. Moreover, even with the additional police reports that the Defendant submitted along with his objections to the Report and Recommendation, at the summary judgement stage this Court is required to view all facts and draw all reasonable inferences in favor of the nonmoving party, the Plaintiff. Saucier v. Katz, 533 U.S. 194, 201 (2001). Though the

---

1   In his affidavit, Plaintiff notes that he understood the question regarding his "rude, insolent, or angry manner" as asking him about his state of mind following the dog bite rather than his state of mind when the motorcycle struck the Defendant. This is a plausible explanation for the Plaintiff's answer. This Court specifically notes that this particular question was actually two questions posed to the Plaintiff during his guilty plea, one immediately after the other: "And was that done in a rude, insolent or angry manner? You were upset at the that time following what had occurred? Correct?" To which the Plaintiff replied, "Yes." (Docket No. 22-2 at 8). Such a compound question serves to increase the plausibility that the Plaintiff misunderstood the question.

4

Defendant and his fellow officers agree that the Plaintiff was actively resisting arrest at the point of the motorcycle stop, the Plaintiff's account of the scene is markedly different. In his March 15, 2006 guilty plea Plaintiff's answer about resisting arrest was indiscernible to the court reporter and he stated that he did not knowingly strike Defendant with the motorcycle. (Docket No. 22-2 at 7-8) In his affidavit, Plaintiff stated that he fully complied with police orders and did not resist being handcuffed. (Docket No. 42-2 at 2). Thus, based on the information before this Court, making all reasonable inferences in favor of the Plaintiff, this Court finds that the issue of Plaintiff's behavior at the scene of the crime, an issue that is central to an excessive force analysis under Graham, to be a genuine issue of material fact such that summary judgement is inappropriate.[2] Accordingly, this Court **denies** Defendant's motion for summary judgement on the excessive force claim.

2. Defense of Qualified Immunity

The defense of qualified immunity requires courts to enter judgment in favor of a government employee unless the employee's conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Campbell v. Peters, 256 F.3d 695, 700 (7th Cir. 2001).

---

2   Although this Court holds that the Plaintiff's affidavit and guilty plea are not contradictory, even if this Court were to disregard Plaintiff's affidavit, as Defendant requested, summary judgement would still not be appropriate. The limited account of Plaintiff's behavior at the scene of the crime detailed in the guilty plea still leaves open a genuine issue of material fact as to Plaintiff's behavior at the scene of the crime, and whether Defendant's actions were reasonable in light of that behavior.

5

In his objection to the Report and Recommendation, the Defendant states that "It is not clear that the force used on Mr. Williams was excessive in light of the facts reasonably perceived by [the Defendant.]" (Docket No. 55 at 8). Indeed, the Defendant is correct. However, it is conversely not clear that the force used on Mr. Williams was *not* excessive. Judging the facts in the light most favorable to the Plaintiff, using the force of a police dog on a person offering little or no resistance would clearly violate the Fourth Amendment such that a "clearly established right" has been violated. Because there remains a genuine issue of material fact regarding the particulars of Plaintiff's behavior at the scene of the arrest, this Court adopts the findings of the Report and Recommendation and **denies** Defendant's claim of qualified immunity.

B. Motion to Strike a Portion of Plaintiff's Supplemental Affidavit

The Defendant made no objection to the Report and Recommendation's findings on the issue of Defendant's motion to strike a portion of Plaintiff's supplemental affidavit for a lack of timeliness and responsiveness. Nonetheless, this Court has reviewed the Defendant's motion and wholly adopts the Report and Recommendation as to the motion. Thus, for the reasons detailed in the Report and Recommendation, the Court **denies** the motion to strike.

### III. Conclusion

In finding genuine issues of material fact present in this case, this Court **OVERRULES** Defendant's objections, and **ADOPTS** the Report and Recommendation as

6

modified herein.  Thus, defendant's motion for summary judgment, including his claim of qualified immunity, (Docket No. 22) and his motion to strike a portion of Plaintiff's supplemental affidavit (Docket No 48) are **DENIED**.

**SO ORDERED**.

**Date: September 15, 2008**                                     /s/ ALLEN SHARP
                                                            **ALLEN SHARP, JUDGE**
                                                            **UNITED STATES DISTRICT COURT**