UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| ANTHONY WILLIAMS, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | CAUSE NO.: 4:06-CV-121-TS |
| ROB HAINJE, | ) ) ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on the Defendant's Second Motion for Summary Judgment [DE 65], filed on May 7, 2009. The sole issue presented in the Defendant's Motion is whether Plaintiff Anthony Williams is barred from pursuing his excessive force claim against Defendant Rob Hainje because the Plaintiff failed to disclose the claim in the course of his Chapter 13 bankruptcy. The Defendant argues that Seventh Circuit case law is clear that a debtor who conceals a legal claim and denies owning the asset in bankruptcy is judicially estopped from later pursuing that claim to the debtor's personal benefit. The Plaintiff contends that the doctrine does not apply because he has now amended his bankruptcy filings to include the lawsuit.

## SUMMARY JUDGMENT STANDARD

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that

party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The court may not grant summary judgment "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

**FACTUAL BACKGROUND**

The following facts are not disputed. On August 14, 2006, the Plaintiff, proceeding *pro se*, sued the Defendant and others alleging that they violated his Fourth Amendment rights when he was subjected to excessive force during his arrest two years earlier. Later, when the Plaintiff was represented by counsel and a motion for summary judgment filed by all the Defendants was pending, he moved to voluntarily dismiss all of the Defendants but Deputy Rod Hainje. (Mot. to Dismiss, filed Oct. 30, 2007.) After the voluntary dismissal, the motion for summary judgment remained pending as to Defendant Hainje. The Court denied the motion on September 15, 2008.

In the meantime, on May 22, 2008, the Plaintiff filed a voluntary petition for Chapter 13 bankruptcy in the United States Bankruptcy Court for the Northern District of Illinois, but did not disclose his lawsuit against the Defendant. In response to the specific question in the Statement of Financial Affairs of whether he was a party to any suit within one year immediately preceding the filing of his bankruptcy case the Plaintiff answered "None." (Def.'s Mem. Ex. B, Bankruptcy Petition, Statement of Financial Affairs 28.) Neither did he mention the lawsuit elsewhere in the petition, including in Schedule B–Personal Property where he was required to list "contingent and unliquidated claims of every nature." (Def.'s Mem. Ex. B, Schedule B to petition 10.) However, the Plaintiff did include in his petition the medical debts he incurred as a

result of injuries sustained during the arrest underlying his civil rights claim against Defendant Hainje. Again on July 9, 2008, the Plaintiff declared under the penalties of perjury that he was not a party to a lawsuit and had not been during the preceding year. (Def.'s Mem. Ex. C, Statement of Financial Affairs–Amended 2.) On July 21, 2008, the bankruptcy court entered an order confirming the Plaintiff's Chapter 13 plan, and on September 15, 2008, entered an order modifying the plan. The Plaintiff was represented by counsel during the bankruptcy proceedings.

On April 10, 2009, counsel for the Defendant took the Plaintiff's deposition and discovered that the Plaintiff had filed for bankruptcy. On May 7, 2009, the Defendant moved for summary judgment on grounds that the Plaintiff's false bankruptcy statement judicially bars him from pursuing his claim against the Defendant. In response, the Plaintiff moved to strike the Defendant's Second Motion for Summary Judgment as untimely or, alternatively, to be given ninety days to respond. The Court declined to strike the Second Motion for Summary Judgment, which did not run afoul of any dispositive motion deadline, and granted the Plaintiff additional time to respond.

On August 12, 2009, the Plaintiff filed an Amended Schedule B to his Chapter 13 bankruptcy petition to identify his federal claim against Defendant Hainje as an asset of the estate. Shortly thereafter, on August 17, the Plaintiff responded to the Defendant's Second Motion for Summary Judgment, asserting that the Amended Schedule B distinguished his case from those where judicial estoppel applies and precluded the granting of summary judgment. On August 19, the Defendant filed his Reply Brief in Support of Second Motion for Summary Judgment.

**DISCUSSION**

The Defendant relies on *Cannon-Stokes v. Potter*, 453 F.3d 446 (7th Cir. 2006), in support of his claim that the Plaintiff is now judicially estopped from pursuing his excessive force claim against the Defendant. In *Cannon-Stokes*, a debtor filed for Chapter 7 bankruptcy while she had an administrative claim pending against her employer, the United States Postal Service, for allegedly retaliating against her for asserting her statutory rights. Cannon-Stokes did not disclose the claim in her bankruptcy filings, the bankruptcy court granted a discharge, and she then filed suit against the Postal Service. The Postal Service argued that judicial estoppel foreclosed her action and the Seventh Circuit agreed:

> Cannon-Stokes had represented that she had no claim against the Postal Service (or anyone else); that representation had prevailed; she had obtained a valuable benefit in the discharge of her debts. Now she wants to assert the opposite in order to win a second time. That satisfies the requirements of judicial estoppel.

453 F.3d at 447. The court noted that all six appellate courts to have considered the question have held "that a debtor in bankruptcy who denies owning an asset, including a chose in action or other legal claim, cannot realize on that concealed asset after the bankruptcy ends." *Id.* at 448 (citing *Payless Wholesale Distribs., Inc. v. Alberto Culver (P.R.) Inc.*, 989 F.2d 570 (1st Cir. 1993); *Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. General Motors Corp.*, 337 F.3d 314 (3d Cir. 2003); *Jethroe v. Omnova Solutions, Inc.*, 412 F.3d 598 (5th Cir. 2005); *United States ex rel. Gebert v. Transport Admin. Servs.*, 260 F.3d 909, 917–19 (8th Cir. 2001); *Hamilton v. State Farm Fire & Casualty Co.*, 270 F.3d 778 (9th Cir. 2001); *Barger v. Cartersville*, 348 F.3d 1289, 1293–97 (11th Cir. 2003)). The court stated that the doctrine of judicial estoppel is "designed to 'prevent the perversion of the judicial process'" *id.* (quoting In re Cassidy 892 F.2d 637, 641 (7th Cir. 1990)), a result, the court reasoned, that would surely occur if Cannon-Stokes were

4

allowed to conceal for her personal benefit her claim against the Postal Service, *id.* Responding to Cannon-Stokes argument that she relied on bad legal advice when she failed to disclose the claim, the court stated that "a debtor in bankruptcy is bound by her own representations, no matter why they were made, at least until the debtor moves to amend the disclosures and pay the creditors their due." *Id.* at 449. The court thought it important that Cannon-Stokes had not attempted to amend her disclosures:

> [I]f Cannon-Stokes were really making an honest attempt to pay her debts, then as soon as she realized that it had been omitted, she would have filed amended schedules and moved to reopen the bankruptcy, so that the creditors could benefit from any recovery. Cannon-Stokes never did that; she wants every penny of the judgment for herself.

453 F.3d at 448.

The Plaintiff, citing the *Cannon-Stokes* discussion regarding filing amended schedules, and the Seventh Circuit's unpublished order in *Matthews v. Potter*, 316 Fed. Appx. 518 (7th Cir. 2009), asserts that judicial estoppel does not apply because he has filed an amended schedule identifying the lawsuit, and the Plaintiff's creditors will still be able to benefit from any award. In *Matthews*, the court held that summary judgment on judicial estoppel grounds was not appropriate because an issue of fact remained as to whether Matthews concealed her claims during the bankruptcy proceedings. Matthews stated in an affidavit filed in response to summary judgment that she orally informed the trustee about her pending administrative complaints at the meeting of the creditors. The Defendant argues, and this Court agrees, that *Matthews* does not help the Plaintiff because it is distinguishable from the circumstances presented in this case where the Plaintiff only disclosed his claim *after* being exposed by his adversary.

However, before making any determination regarding judicial estoppel, the Court must

5

address who has standing to pursue the claim against Defendant Hainje. *See Biesek v. Soo Line R. Co.*, 440 F.3d 410, 413 (7th Cir. 2006) (stating that it was only necessary to consider judicial estoppel to a pre-bankruptcy claim that the plaintiff failed to disclose during his bankruptcy proceedings if the claim no longer belonged to the trustee (i.e., it had been abandoned) so that the plaintiff could pursue it on his own behalf). In its Motion for Summary Judgment, the Defendant is attempting to employ the doctrine of judicial estoppel against the Plaintiff. But if the real party in interest is the estate, then judicial estoppel will not apply "unless the estate itself engage[d] in contradictory litigation tactics." *Cannon-Stokes*, 453 F.3d at 448; *see also Biesek*, 440 F.3d at 413 (explaining that judicial estoppel is an equitable doctrine and using it to deny recovery to creditors who have not contradicted themselves in court is not an equitable application). The Defendant makes no claim that the estate employed such tactics.

The commencement of the Plaintiff's bankruptcy case on May 22, 2008, created a bankruptcy estate. 11 U.S.C. § 541(a). The Plaintiff's claims against Defendant Hainje became a part of the bankruptcy estate. *Id.*; *Cannon-Stokes*, 453 F.3d at 448. Accordingly, the claims belong to the trustee, unless they have been abandoned. *See Cannon-Stokes*, 453 F.3d at 448. Nothing in the record suggests that the trustee has abandoned the Plaintiff's claim against Defendant Hainje, which could only have been accomplished in the short time since the claim was identified.[1] Therefore, the claim belongs to the trustee for the benefit of the creditors. The

---

[1] The Seventh Circuit has identified the requirements for effective abandonment:

The Bankruptcy Code provides that "after notice and a hearing," the trustee, either on his own volition or under order by the bankruptcy court, "may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). In addition, property that the bankruptcy court orders the trustee to abandon is deemed abandoned, § 554(b), and likewise property that has been scheduled, § 521(1), but "not otherwise administered at the time of the closing of a case." § 554(c). Property not abandoned under one of these three subsections remains property of the debtor's estate-"unless the court orders otherwise."

6

Plaintiff does, however, have concurrent standing with the bankruptcy trustee to pursue recovery on the claim for the benefit of the estate. *See Cable v. Ivy Tech State College*, 200 F.3d 467, 472–73 (7th Cir. 1999) (explaining that Chapter 13 debtors possess the estate property, including legal claims, and may pursue them for the benefit of the estate); *see also In re Heath*, 115 F.3d 521, 523–24 (7th Cir. 1997) (holding that a trustee may bring actions only for the benefit of the estate, rather than for the benefit of the debtor). Although the Plaintiff has not presented any evidence that he intends to pursue the claim for the benefit of, or on behalf of, his creditors, *cf. Cable*, 200 F.3d at 473 (noting that the plan directed that the potential proceeds of a Title VII lawsuit benefit the estate and its creditors), he argues in his response brief that allowing his amendment to the schedule "to suffice to prevent the imposition of judicial estoppel would potentially allow the creditors to get paid back the money they are owed" (Pl.'s Resp. 3). Thus it appears that the Plaintiff's position is that any recovery from Defendant Hainje would be for the benefit of the creditors and not for his personal benefit. Under these circumstances, the Plaintiff has concurrent standing with the estate and judicial estoppel does not bar the estate from receiving any potential benefit from the suit.

If, to the contrary, the Plaintiff intends to pursue the claim for his own benefit, or if the trustee has already abandoned the claim or abandons it in the future so that the Plaintiff would have standing to pursue it on his own behalf, then the doctrine of judicial estoppel would be implicated and would bar the Plaintiff from continuing to prosecute this action. It is undisputed

---

§ 554(d).

*Morlan v. Universal Guar. Life Ins. Co.*, 298 F.3d 609, 618 (7th Cir. 2002). Further, abandonment is not authorized by § 554(c) unless it has been listed on the schedule of assets. *Id.*

7

that the Plaintiff failed to mention this lawsuit before the bankruptcy court confirmed his Chapter 13 plan. The Plaintiff cannot avoid the impact of his previous failure to disclose his claim by amending his schedule in response to summary judgment.

The purpose of the doctrine of judicial estoppel is "to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *New Hampshire v. Maine*, 532 U.S. 742, 749–50 (2001) (quotations marks and citations omitted). The Plaintiff's Chapter 13 Plan has been confirmed on the basis of the information provided by the Plaintiff, including that he had no legal claims for which he could potentially recover money damages. There is no evidence upon which to base a reasonable inference that the Plaintiff amended his schedule as soon as he realized that the claim had been omitted, *cf. Cannon-Stokes*, 453 F.3d at 448 (noting that if Cannon-Stokes were truly making an honest attempt to pay her debts, then "as soon as she realized" that it had been omitted, she would have filed amended schedules), or that he actually attempted to inform the trustee of the claim as the trustee searched for and investigated assets in the normal course of the bankruptcy, *cf. Matthews*, 316 Fed. Appx. at 522 (genuine issue of material fact existed where plaintiff presented competent evidence that she orally disclosed her claim to the trustee during a meeting of the creditors). The evidence is that he waited to disclose his claim until it was advantageous to do so, having both knowledge of the claim and a motive to conceal it when he filed for bankruptcy. The Plaintiff filed the Complaint against Hainje and others himself in August 2006 (almost two years before he filed for bankruptcy) and the civil rights suit remained active during the pendency of the bankruptcy, even surviving a motion for summary judgment. The Plaintiff surely did not forget that he had sued the police officer whom he alleges kicked him to the

8

ground, kicked his face, stomped on his arm, and released a dog on him all while he was handcuffed. (Pl.'s Compl. 7, DE 1.) In his bankruptcy petition, the Plaintiff included the medical debts arising out of these alleged acts of excessive force. The Plaintiff has not presented any credible evidence to explain his nondisclosure or to suggest that it was inadvertent or mistaken. The Plaintiff also had a financial motive to conceal his claim because hiding assets under Chapter 13 affects the amount the debtor is to be discounted and must repay. *See De Leon v. Comcar Indus., Inc.*, 321 F.3d 1289, 1291 (11th Cir. 2003) (noting that a financial motive to secret assets exists in Chapter 13 bankruptcy as well as under Chapter 7); *see also Eastman v. Union Pac. R. Co.*, 493 F.3d 1151, 1159 (10th Cir. 2007) ("The ever present motive to conceal legal claims and reap the financial rewards is undoubtedly why so many of the cases applying judicial estoppel involve debtors-turned-plaintiffs who have failed to disclose such claims in bankruptcy."). The Plaintiff has designated no facts in response to the Defendant's summary judgment motion to support a reasonable inference that his failure to disclose the claim against Defendant Hainje was something other than a purposeful concealment of an asset from his creditors.

The case law suggests that, having concealed the claim from his creditors, the Plaintiff cannot use a bankruptcy schedule amendment to save it for his own personal gain. *See, e.g., Eastman*, 493 F.3d at 1160 (To allow a debtor "to 'back up' and benefit from the reopening of his bankruptcy only after his omission had been exposed would 'suggest[ ] that a debtor should consider disclosing potential assets only if he is caught concealing them. This so-called remedy would only diminish the necessary incentive to provide the bankruptcy court with a truthful disclosure of the debtor's assets.'" (quoting *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282,

9

1288 (11th Cir. 2002)); *Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. GMC*, 337 F.3d 314, 320–21 (3d Cir. 2003) (rejecting debtor's argument that inadequate disclosures in initial schedule could be cured in still-open bankruptcy case because "[t]he bankruptcy rules were clearly not intended to encourage . . . inadequate and misleading disclosures by creating an escape hatch debtors can duck into to avoid sanctions for omitting claims once their lack of candor is discovered" ); *Smith v. Am. General Life Ins. Co.*, 544 F. Supp. 2d 732, 736 (C.D. Ill. 2008) (finding that because Smith's failure to initially schedule his claim could not be considered inadvertent or mistaken, the doctrine of judicial estoppel applied despite his reopening of his bankruptcy estate). To allow the Plaintiff to go forward with his claim against Defendant Hainje in this Court, when he has taken a clearly inconsistent position for over fourteen months in his bankruptcy case, would create the perception that the bankruptcy court was misled. *See New Hampshire*, 532 U.S. at 750 (noting that one inquiry courts regularly make to determine whether to apply the doctrine of judicial estoppel is "whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled") (internal quotation marks omitted).

For the reasons stated above, the Plaintiff does not have standing to pursue the claim on his own behalf; his standing is limited to seeking recovery on behalf of the creditors. In the event that the trustee abandons the claim, the Plaintiff is barred by the doctrine of judicial estoppel from pursuing the claim on his own behalf.

**CONCLUSION**

The Defendant's Motion for Summary Judgment [DE 65] is GRANTED IN PART and DENIED IN PART. The Motion is granted to the extent that the Plaintiff seeks recovery for his own benefit, which is barred by the doctrine of judicial estoppel. However, because the evidence is that the bankruptcy trustee is the real party in interest in this matter, the Plaintiff may pursue this lawsuit for the benefit and on behalf of the creditors of his Chapter 13 bankruptcy. The Plaintiff is DIRECTED by October 12, 2009, to present the Court with evidence from the trustee and/or bankruptcy court that would support his claim that the suit is in fact being pursued for the benefit and on behalf of the creditors. If such evidence is not filed by October 12, 2009, the suit will be dismissed for failure of the real party in interest to prosecute, or alternatively, on grounds that judicial estoppel bars recovery.

SO ORDERED on September 10, 2009.

                                          s/ Theresa L. Springmann
                                          THERESA L. SPRINGMANN
                                          UNITED STATES DISTRICT COURT
                                          FORT WAYNE DIVISION