# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| ANTHONY WILLIAMS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CAUSE NO.: 4:06-CV-121-TS |
| ROB HAINJE, | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

On September 10, 2009, this Court ruled that Plaintiff Anthony Williams could not pursue his civil rights claim against Defendant Rob Hainje to receive a recovery for his own benefit because the claim belonged to the Chapter 13 bankruptcy estate. However, because it was not clear whether the Plaintiff was pursuing the claim on his own behalf, or pursuing the lawsuit for the benefit and on behalf of the creditors of his Chapter 13 bankruptcy, the Court did not enter final judgment. Rather, the Court directed the Plaintiff, by October 12, 2009, to present the Court with evidence from the trustee and/or bankruptcy court that would support his claim that the suit is in fact being pursued for the benefit and on behalf of the creditors. The Court stated that if such evidence was not filed by October 12, the suit would be dismissed for failure to prosecute, or alternatively (if the Plaintiff was still attempting to sue on his own behalf), on grounds that judicial estoppel bars recovery.

### A. Motion for Clarification

The Plaintiff has requested clarification [DE 80] of this Court's September 10 ruling, specifically whether it is final and appealable as to Plaintiff Williams pursuant to 28 U.S.C. § 1291. The Defendant's position, set forth in its Response [DE 82], is that the order is not final

and appealable because the Court clearly indicated that it was not finished with the case. The Defendant also cites Federal Rule of Civil Procedure 54(b), which contemplates that any order that "adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before entry of judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).

The court of appeals will determine, as a threshold and independent obligation, whether a decision is final for purposes of § 1291 and it "generally depends on whether the decision by the district court ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Ross Brothers Const. Co., Inc. v. Int'l Steel Servs., Inc.*, 283 F.3d 867, 871 (7th Cir. 2002) (internal quotation marks omitted). Here, the Court does not consider its Order of September 10 to have ended the litigation on the merits. The Court ruled that the trustee (or Williams acting on the trustee's behalf) has the legal right to pursue this litigation. Accordingly, the matter could still reach a trial on the merits. However, because the Plaintiff had previously failed to disclose the lawsuit to the trustee, and whether he intended to pursue it on behalf of the estate was not clear at the time the Court entered its order, the Court directed that additional evidence be submitted by October 12. If the Plaintiff's response to the directive for additional evidence revealed that the Plaintiff had no intention of pursuing the claim on behalf of the creditors, final judgment would be entered in favor of the Defendant. The Court is not finished with this case, final judgment has not yet been entered, and the date of entry is yet unknown.

**B.     Motion to Withdraw**

The Plaintiff's attorneys also seeks leave to withdraw as counsel in this case, stating that they have no intention of representing the trustee. The Defendant takes no position on the request for leave to withdraw. In consideration of the motion, the Court will grant counsel's request to withdraw. Accordingly, the Plaintiff is now responsible to advise the Court regarding the status of this litigation. The Court directs that by October 21, 2009, the Plaintiff file a status report advising the Court whether he intends to pursue this litigation on behalf of the bankruptcy estate. If the Plaintiff advises that he does not intend to pursue the litigation (or does not file a status by October 21), and the trustee likewise does not evidence an intent to pursue it, the Court will enter final judgment in favor of the Defendant. The Plaintiff is reminded that the Court has already ruled that he may not pursue the litigation to obtain a recovery for his own personal benefit.

**CONCLUSION**

The Court GRANTS the Plaintiff's Motion for Clarification [DE 80] as set forth in this Opinion and Order and GRANTS the Plaintiff's Motion to Withdraw as Attorneys in this Case [DE 80]. The Court ORDERS the appearance of attorneys Richard Dvorak and Matthew Robinson withdrawn on behalf of Plaintiff Anthony Williams. However, counsel is to provide the Plaintiff with adequate notice of this Opinion and Order. The Clerk of this Court is also to provide the Plaintiff with notice of this Opinion and Order.

The Court further ORDERS that by October 21, 2009, the Plaintiff file a status report advising the Court whether he intends to pursue this litigation on behalf of the bankruptcy estate. If the Plaintiff advises that he does not intend to pursue the litigation (or does not file a status by October 21), and the trustee likewise does not evidence an intent to pursue it, the Court will enter

final judgment in favor of the Defendant.

SO ORDERED on October 6, 2009.

                                                          s/ Theresa L. Springmann
                                                         THERESA L. SPRINGMANN
                                                         UNITED STATES DISTRICT COURT
                                                         FORT WAYNE DIVISION